IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) | |
| OPPORTUNITY COMMISSION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | CIVIL ACTION NUMBER |
| v. ) | |
| ) | _____ |
| NATIVE ANGELS HOMECARE ) | |
| AGENCY, INC. ) | JURY TRIAL DEMAND |
| ) | |
| Defendant. ) | |
| _____ ) | |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion (Jehovah's Witness) and to provide appropriate relief to Dorene Sampson who was adversely affected by such practices. The Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Native Angels Homecare Agency, Inc. ("Defendant"), discriminated against Dorene Sampson by requiring her to participate in Defendant's "prayer circle" and discharging because she objected to attending the "prayer circle" and refused to participate.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-5(f)(1) and (3) ("Title VII") and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina, Southern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant has continuously been a North Carolina corporation doing business in the State of North Carolina and the City of Lumberton and has continuously had at least 15 employees.

5. At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 701(b), (g) and (h) of Title VII, 42 U.S.C. §2000e(b), (g) and (h).

## STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Dorene Sampson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. From approximately January 25, 2005 to March 22, 2005, Defendant engaged in unlawful employment practices at its Lumberton, N.C. facility, in violation of Sections 703(a)(1) and 704(a) of Title VII, 42 U.S.C. §2000e-2(a)(1); 42 U.S.C. §2000e-3(a), by:

2

      a.      discriminating against Dorene Sampson, a Registered Nurse, because of her religion, Jehovah's Witness.  Specifically, during this period, Defendant required Ms. Sampson to attend a "prayer circle" and discharged her because she refused to attend the "prayer circle;" and

      b.      retaliating against Ms. Sampson by discharging her because she opposed Defendant's unlawful employment practice of requiring her to attend a "prayer circle."

8. The effect of the practices complained of in paragraph 7 above has been to deprive Dorene Sampson of equal employment opportunities and otherwise adversely affect her status as an employee because of her religion (Jehovah's Witness).

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Dorene Sampson.

### PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns and all persons in active concert or participation with it, from requiring employees to attend a "prayer circle," retaliating against employees who oppose practices made unlawful under Title VII, and engaging in any other employment practice which discriminates on the basis of religion or unlawful retaliation.

3

Case 7:06-cv-00083-FL   Document 1   Filed 06/01/06   Page 3 of 5

B. Order Defendant to institute and carry out policies, practices and programs which provide equal employment opportunities for employees regardless of their religion and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Dorene Sampson by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Dorene Sampson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 7 above, in amounts to be determined at trial.

E. Order Defendant to make whole Dorene Sampson by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, loss of civil rights, and humiliation, in amounts to be determined at trial.

F. Order Defendant to pay Dorene Sampson punitive damages for its malicious and reckless conduct described in paragraph 7 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 1st day of June 2006.

4

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel


/s/ Lynette A. Barnes
Regional Attorney
EQUAL EMPLOYMENT OPPORTUNITY
 COMMISSION
129 W. Trade Street, Suite 400
Charlotte, North Carolina  28202
Telephone: (704) 344-6878
Facsimile: (704) 344-6780
E-mail: Lynette.Barnes@eeoc.gov
N.C. Bar No. 19732


/s/   Kerith Cohen
Senior Trial Attorney
EQUAL   EMPLOYMENT   OPPORTUNITY
COMMISSION
1309 Annapolis Drive
Raleigh, North Carolina 27608
Telephone:  (919) 856-4148
Facsimile: (919) 856-4156
E-mail: Kerith.Cohen@eeoc.gov
Virginia State Bar No. 39069

5